UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

DERREL L. THOMAS,

    Plaintiff,

v.                                    CASE NO. 8:08-cv-2258-T-33MAP

VIRGINIA M. HERNANDEZ COVINGTON,

    Defendant.
_____/

**REPORT AND RECOMMENDATION**

    The Plaintiff seeks damages and other relief against the district judge who ruled against him in a separate lawsuit. *See Thomas v. Hernando County Housing Authority, et al.,* Case No. 8:07-cv-1902-T-33EAJ. Claiming the district judge somehow violated his constitutional rights, he now seeks to proceed *in forma pauperis* pursuant to the provisions of 28 U.S.C. § 1915. The complaint is plainly frivolous.[1] The adjudicating district judge is entitled to judicial immunity for those acts she performed within the function her judicial office. *See Stump v. Sparkman,* 435 U.S. 349, 356-57 (1978) (setting out test). Accordingly, the *in forma pauperis* application (doc.2)

---

[1] Section 1915 directs a court when considering *in forma pauperis* requests to dismiss the case "at any time if the court determines that … the action or appeal … is frivolous or malicious [or] fails to state a claim on which relief may be granted or seeks monetary relief against a defendant who is immune from such relief." *See* 28 U.S.C. § 1915(e)(2)(B). A claim is considered frivolous if it lacks an "arguable basis in law or in fact." *Neitzke v. Williams,* 490 U.S. 319, 325 (1989). "Arguable" means "capable of being convincingly argued." *Sun v. Forrester,* 939 F.2d 924, 925 (11th Cir. 1991) (dismissing appeal as frivolous). Stated another way, the "realistic chances of ultimate success are slight." *Id.* And a district court's authority to dismiss as frivolous under § 1915(e) is broader than dismissal under Fed. R. Civ. P. 12. *Id.*

should be denied and the complaint (doc. 1) dismissed.

      IT IS SO REPORTED at Tampa, Florida on November 14, 2008.

*[signature: Mark A. Pizzo]*
MARK A. PIZZO
UNITED STATES MAGISTRATE JUDGE

## NOTICE TO PARTIES

      Failure to file and serve written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date it is served on the parties shall bar an aggrieved party from a *de novo* determination by the District Court of issues covered in the report, and shall bar the party from attacking on appeal factual findings in the report accepted or adopted on appeal by the District Court except upon grounds of plain error or manifest injustice. 28 U.S.C. § 636(b)(1)(C); Local Rule 6.02; *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982) (*en banc*).